FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER M.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | No. 4:22-CV-05169-SAB<br><br>**ORDER REVERSING DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree; Defendant is represented by Jeffrey Staples and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed and reverses the decision of the Commissioner.

**I.    Jurisdiction**

In 2017, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income, with onset of May 17, 2014.

**ORDER REVERSING DECISION OF COMMISSIONER ~ 1**

Plaintiff's application was denied initially and on reconsideration. The Appeals Council remanded, and another hearing was held in 2021. Her application was denied by an ALJ on April 7, 2021. The Appeals Council again remanded.

A third hearing was held on January 26, 2022, and on February 10, 2022, the ALJ found that Plaintiff was not disabled. Plaintiff requested review by the Appeals Council, which denied her appeal on October 27, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on November 16, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v.*

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 2

*Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform

**ORDER REVERSING DECISION OF COMMISSIONER ~ 3**

this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 4

Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff has two years of college and graduated from beauty school. She reported that she has had over 25 jobs in the past, but because of her mental and physical health she is not able to keep a job. She struggles with reliability, attendance, and anxiety. She has worked as a hairstylist, server, house cleaner, bartender, home care, nanny, in fast foods and retail, and various office jobs and call center jobs. She has trouble keeping any job for a significant period. She eventually withdraws, cannot relate to customers, and has mood fluctuations, so that it becomes difficult to work with her. She took a class in 2021 to become a certified nursing assistant and at the end of the nine weeks, she was informed that she was no longer a good fit.

Her sister reported that Plaintiff has experienced mental health challenges since she was a young child. She was expelled from elementary school, and she eventually finished high school through a correspondence program. She had a suicide attempt when she was 16. Her boyfriend reports that she has mood swings.

In 2014, Plaintiff was in an accident and was put on a pain management program. Her use of prescription pain medication increased over the years. Eventually, she was cut off and she started self-medicating with street drugs in 2016. She went into treatment in 2017 and has been clean and sober since. She participated in a suboxone program and was able to eventually ween herself off from the suboxone.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 5

Plaintiff suffers from diabetes, which has been controlled with medication. At times, she experiences hallucinations. She also has chronic pain in her shoulder, neck, and back. She struggles with depression, anxiety, and obesity.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 25-42. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 17, 2014, the alleged onset date. AR 28.

At step two, the ALJ identified the following severe impairments: polysubstance use/abuse (heroin, methamphetamine, cannabis, and opiates); bipolar disorder; anxiety disorder; depressive disorder; obesity; fibromyalgia; degenerative disc disease; and diabetes mellitus. AR 28.

At step three, the ALJ found that when including Plaintiff's substance sue, the severity of her severe impairments met Listings 12.04 and 12.06. It then went on to find that if Plaintiff stopped the substance use, the remaining limitations would cause more than a minimal impact on her ability to perform basic work activities. AR 31. But, if Plaintiff stopped her substance use, she would not have an impairment or combination of impairments that met and medically equaled the severity of any Listing. AR 32.

Ultimately, the ALJ concluded that if Plaintiff stopped her substance use, she would have the residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could sit, stand, and/or walk up to six hours and eight-hour day with ordinary breaks; she could occasionally climb ramps, stairs, ladders, ropes, or scaffolds; she could frequently balance, stoop, kneel, crouch, and crawl; she should never operate heavy equipment; she could occasionally reach overhead; she would be limited to routine and repetitive tasks but could fulfill occasional, detailed work; she could not perform fast-paced work and should have only ordinary production requirements; she could have brief, superficial contact with the public and superficial contact with coworkers; she could have occasional

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 6

changes in work duties; and she would work best independently and could not perform tandem or collaborative-type work.

AR 34.

At step four, the ALJ found that if Plaintiff stopped her substance use, she would be unable to perform past relevant work. AR 41.

At step five, the ALJ found that if Plaintiff stopped her substance use, she would not be disabled because she would be capable of performing work that exists in significant numbers in the national economy, such as routing clerk, inspector and hand packager, and garment sorter. AR 43.

## VI. Discussion

### A. DAA Materiality Analysis

The ALJ erred in finding that Plaintiff's DAA ("Drug Addiction and Alcoholism") is material to the determination of disability. Here, it is clear from the record that the claimant's co-occurring mental disorder and physical impairments did not improve to the point of nondisability in the absence of DAA.

Under the SSA regulations, if the claimant is found to be disabled and there is medical evidence that the claimant has a drug addiction, the next step is to determine whether the drug addiction is a contributing factor material to the determination of disability and the claimant would still be disabled if they stopped using drugs. 20 C.F.R. §§ 404.1535, 416.935.

In making the initial finding that Plaintiff was disabled during the time she was using drugs, the ALJ relied on opinions that were made during periods where Plaintiff was sober, but then also relied on these same opinions to find that Plaintiff was not disabled when she was sober. This was in error, and the ALJ's findings regarding materiality is not supported by substantial evidence. For instance, the ALJ cited to Ms. Allmaras and Dr. Price to find that these opinions were accorded significant weight when considering Plaintiff's mental functioning with substance use. But they were not evaluating her mental functioning with substance use

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 7

because at the time they examined her, she was no longer using. The ALJ also gave significant weight to Drs. Marks and Sanchez's opinions, and these examiners gave opinions in January and February 2017, which was weeks after Plaintiff's last drug use. These examiners found that Plaintiff had marked limitations.

Notably, in 2019, Dr. Price indicated that Plaintiff may have difficulty maintaining productivity in a full-time work situation due to depression and poor energy and would require more frequent breaks to deal with anxiety symptoms. She would not be reliable in making judgments pertaining to work, and her interpersonal skills would be fair. Dr. Price opined that Plaintiff would have mild to moderate difficulty in task persistence and completion related to impaired concentration and focus, as well as in being able to follow written or verbal instructions. This opinion was given after Plaintiff had achieve sobriety for over a year.

Substantial evidence in the record indicates that the DAA is not material to the finding that Plaintiff meets Listings 12.04 and 12.06. The record clearly demonstrates that Plaintiff has marked limitations in interacting with others; concentrating, persisting, or maintaining pace, and adapting or managing herself after she achieve sobriety. Many medical sources found that DDA was not material to their findings regarding Plaintiff's limitations and the records. Moreover, Plaintiff's numerous unsuccessful work attempts as well as statements from her family validate Dr. Price's conclusions.

The ALJ erred in finding that DAA was material to the finding that Plaintiff was disabled. In doing so, the ALJ failed to evaluation the objective evidence failed to properly credit consistent opinions and erred in giving the greatest weight to the non-examining sources.

**B.     Credibility Determination**

The ALJ found that while Plaintiff's medically determinable impairments could reasonably cause some of the alleged symptoms, her statements concerning

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 8

the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Plaintiff testified she had to cut back to part-time work due to behavior issues with coworkers as well as overwhelming anxiety and right shoulder and

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 9

hand pain. The ALJ found that these statements were less than credible but failed to give clear and convincing evidence for doing so. Instead, the ALJ simply recited the opinions of Dr. Toews and Dr. Lewy to find that Plaintiff as most had moderate mental functioning limitations. Merely reciting some evidence to conclude the RFC is supported does not provide clear and convincing reasons to discount Plaintiff's testimony. Moreover, the ALJ failed to account for the fact that Plaintiff had numerous unsuccessful work attempts because of her behavior and performance issues caused by her mental and physical impairments.

Additionally, the ALJ found that Plaintiff did activities consistent with more than light work, yet none of the activities the ALJ cited are consistent with light work. This is not a clear and specific reason for rejecting her testimony. Plaintiff testified that she did household chores occasionally, and while she testified that she began Cross-Fit in 2018, there is nothing in the record that provides the details as to how long she continued with Cross-Fit or the extend of the exercises. Also, the ALJ focused on imaging and findings of normal gait, strength, or range-of-motions, but failed to account for, or even mention, Plaintiff's chronic pain, or her obesity. The ALJ failed to provide specific, clear and convincing reasons for rejecting her testimony.

**VII.  Remand for Immediate Award of Benefits**

Because the ALJ erred in finding that DAA was material to the finding that Plaintiff is disabled, a remand for the immediate award of benefits is appropriate. The record demonstrates that Plaintiff meets the Listings 12.04 and 12.06 and DDA was not material to this finding.

Accordingly, **IT IS HEREBY ORDERED:**

1.  For docket purposes, Plaintiff's Opening Brief, ECF No. 11, and Reply Brief, ECF No. 14, are **GRANTED**.

2.  For docket purposes, the Commissioner's Brief, ECF No. 13, is **DENIED**.

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 10

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate calculation and award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of July 2023.



_____
Stanley A. Bastian
United States District Judge

**ORDER REVERSING DECISION OF COMMISSIONER** ~ 11